# United States District Court
# Northern District of Indiana

| | |
|---|---|
| ROOSEVELT LEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:08-CV-423 JVB |
| v. | ) |
| | ) |
| P. DRAGMISTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Roosevelt Lemons, a pro se plaintiff, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a pro se complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S.544; 127 S. Ct. 1955, (2007). *Erickson v. Pardus* , 551 U.S. 89; 127 S. Ct. 2197, 2200 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly* , 550 U.S.544,555, (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at n.3 (quotation marks and citation omitted).

Nevertheless, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").*Erickson v. Pardus* , 551 U.S.89;127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly* , 127 S.Ct. at 1965, citing *Papasan v. Allain* , 478 U.S. 265, 286 (1986) (quotation marks omitted).

2

Lemons alleges that on November 14, 2007, he was held at the Laporte County Jail awaiting trial. Liberally construing his allegations, two jail deputies launched an unprovoked attack against him. According to Lemons, they entered his cell and Deputy P. Dragmister sprayed mace in his eyes while Deputy Buger beat him in the head with handcuffs. The next day the jail nurse checked him for head injuries, noting several contusions. Although the nurse gave him pain medications, Lemons complains she did not wash his eyes and refused him additional treatment. As a result of the beating, Lemons claims he suffers headaches as well as blurred vision. Lemons does not name the nurse as a defendant.

Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Giving Lemons the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he appears to allege more than a mere dispute over the reasonableness of the defendants' actions. It is reasonable to infer Lemons claims the deputies beat him maliciously and sadistically for no legitimate purpose. Consequently, the plaintiff has stated a claim against Deputy P. Dragmister and Deputy Buger for the excessive use of force in violation of the Eighth Amendment.

Therefore, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Deputy P. Dragmister in his individual capacity for monetary damages on his Fourteenth Amendment excessive use

3

of force claim;

(2) **GRANTS** the plaintiff leave to proceed against Deputy Buger in his individual capacity for monetary damages on his Fourteenth Amendment excessive use of force claim;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk of this Court to transmit the summonses and USM-285s for Deputy P. Dragmister and Deputy Buger to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Deputy P. Dragmister and Deputy Buger; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy P. Dragmister and Deputy Buger respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10.1.

SO ORDERED on May 22, 2009.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division